Case 2:19-cv-06237-JAK-GJS Document 1-1 Filed 07/19/19 Page 1 of 10 Page ID #:10
Electronically FILED by Superior Court of California, County of Los Angeles on 05/16/2019 10:41 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
19STCV16992

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
CATHRYN G. FUND, STATE BAR NO. 293766

Attorneys for Plaintiff
MALCOM PYE-WILLIAMS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

| | |
|---|---|
| MALCOM PYE-WILLIAMS, an individual;<br><br>Plaintiff<br><br>vs.<br><br>WALGREEN CO., an Illinois Corporation; and DOES 1 through 50, inclusive;<br><br>Defendants | Case No.:<br><br>COMPLAINT FOR:<br><br>1. **RETALIATION IN VIOLATION OF CAL. LABOR CODE § 1102.5;**<br><br>2. **RETALIATION IN VIOLATION OF CAL. LABOR CODE § 6310; and**<br><br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///

Plaintiff, MALCOM PYE-WILLIAMS, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

## PRELIMINARY ALLEGATIONS

1. At all times material herein, Plaintiff MALCOM PYE-WILLIAMS (hereinafter referred to as "Plaintiff") was a resident of the State of California, County of Los Angeles.

2. At all times material herein, Defendant WALGREENS CO. (hereinafter referred to as "Defendant"), is an Illinois corporation, and was at all times mentioned in this Complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, County of Los Angeles at 1501 Vine Street, Los Angeles.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages herein below.

5. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

6. Hereinafter in this Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

///

///

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Defendant in or around September 2016 as a customer service associate and was wrongfully terminated on January 5, 2019.

8. Throughout his employment, Plaintiff performed his duties in a competent and efficient manner.

9. Starting in or around December 2016, Plaintiff was subjected to hostile, aggressive, violent, and destructive conduct from transient customers at his workplace. Such conduct included, but was was not limited to, being chased out of the store by someone with scissors, getting punched in the face, having beer cans thrown at his head, being called offensive and vile names, death threats, and multiple encounters with the police.

10. As a direct result of the above, Plaintiff consistently made complaints to his supervisors that the work environment was not safe, that additional security measures had to be put into place, and that the current safety policies were not adequate, as he reasonably believed that Defendant's failure to protect Plaintiff and his coworkers from violence was a violation of state and/or federal law. For example, Plaintiff recommended keeping sharp items behind the counter and hiring security guards

11. On or about December 2, 2018, a security guard that was eventually hired for the store, shot and killed a man who he claimed was shoplifting.

12. On or about December 12, 2018, a repeat nuisance customer came into the store, started to cause problems, and made customers feel unsafe. As a result, a security guard was called to escort the nuisance customer out of the store. While exiting the store, Defendant alleges that Plaintiff waived at the nuisance customer "in a manner that was unprofessional."

13. As a result of the above, Defendant terminated Plaintiff's employment on January 5, 2019. Plaintiff alleges that the real reason for his termination was in retaliation for his complaints of conduct he reasonably believed to violate the law.

///
///
///

3
**COMPLAINT**

# FIRST CAUSE OF ACTION

## RETALIATION

## IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

(Against All Defendants)

14. Plaintiff hereby restates and incorporates all preceding paragraphs as though fully set forth herein.

15. At all times mentioned herein California Labor Code section 1102.5 et seq. was in full force and effect and was binding on Defendant.

16. California Labor Code section 1102.5(a) states in full, "An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

17. California Labor Code section 1102.5(b) states in full, "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

///

18. As a direct, legal, and proximate result of Plaintiff's complaints of workplace safety violations he reasonably believed to be a violation of state and/or federal statutes or regulations, Plaintiff was terminated.

19. Accordingly, the actions of Defendant, as described herein were wrongful and in contravention of Labor Code §§ 1102.5 et seq.

20. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

21. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

22. Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent retaliation against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendant's policies and procedures requiring them to prevent retaliation against and upon employees of Defendant. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

23. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Labor Code § 1021.5.

## SECOND CAUSE OF ACTION

### RETALIATION

### IN VIOLATION OF CALIFORNIA LABOR CODE § 6310

**(Against All Defendants)**

24. Plaintiff hereby restates and incorporates all preceding paragraphs as though fully set forth herein.

25. At all times mentioned herein California Labor Code section 6310(b) was in full force and effect and was binding on Defendant.

26. California Labor Code section 6310(b) states in pertinent part, "Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to . . . his or her employer, or his or her representative, of unsafe working conditions, or work practices, in his or her employment or place of employment . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

27. Plaintiff is informed, believes, and based thereon alleges that a substantial factor, if not the sole factor, in Defendant's decision to terminate Plaintiff was because Plaintiff complained about Defendant's unlawful work practices and illegal conduct, to wit safety violations and an unsafe work environment.

28. The above acts of Defendant constitute retaliation in violation of California Labor Code section 6310 and such retaliatory discipline and termination was a proximate cause of Plaintiff's damages as stated below.

29. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

30. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

31. Defendant had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent retaliation against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendant's policies and procedures requiring them to prevent retaliation against and upon employees of Defendant. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

32. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Labor Code § 1021.5.

## THIRD CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Labor Code §§ 1102.5 and 6310)
### (Against All Defendants)

33. Plaintiff hereby restates and incorporates all preceding paragraphs as though fully set forth herein.

///

34. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code § 1102.5, is to prohibit employers from retaliating against any individual for complaining about illegal and fraudulent activity as prohibited in California Labor Code § 1102.5 et. seq.. The public policy of the State of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policies set forth in California Labor Code § 1102.5 et seq., and the laws and regulations promulgated thereunder.

35. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code § 6310, is to prohibit employers from retaliating against any individual for complaining about unsafe working conditions or work practices. The public policy of the State of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policies set forth in California Labor Code Section § 6310 et seq., and the laws and regulations promulgated thereunder.

36. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

37. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon

1 alleges that he will continue to experience said physical and emotional suffering for a period in
2 the future not presently ascertainable, all in an amount subject to proof at the time of trial.
3     38.    Defendant had in place policies and procedures that specifically prohibited and
4 required Defendant's managers, officers, and agents to prevent retaliation against and upon
5 employees of Defendant. Managers, officers, and/or agents of Defendant were aware of
6 Defendant's policies and procedures requiring them to prevent retaliation against and upon
7 employees of Defendant. However, Defendant chose to consciously and willfully ignore said
8 policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,
9 oppressive, and was done in wanton disregard for the rights of Plaintiff. Plaintiff should,
10 therefore, be awarded exemplary and punitive damages against Defendant in an amount to be
11 established that is appropriate to punish Defendant and deter others from engaging in such
12 conduct.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For loss of earnings, according to proof;
4. For attorneys' fees, according to proof;
5. For prejudgment interest, according to proof;
6. For costs of suit incurred herein; and
7. For punitive and exemplary damages, according to proof; and
8. For such other relief and the Court may deem just and proper.

///
///

| | | |
|---|---|---|
| DATED: | May 15, 2019 | JML LAW, A Professional Law Corporation |

By: *[signature: Cathryn Fund]*

JOSEPH M. LOVRETOVICH

CATHRYN G. FUND

Attorneys for Plaintiff

**COMPLAINT**